UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL W. MANSY, )
    Plaintiff, )
)
v. ) No. 2:11-CV-265
)
GARY KEMPER, POSTMASTER, )
UNITED STATES POSTAL SERVICE, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

In this civil action, originally filed in the Court of General Sessions for Washington County, Tennessee, but subsequently removed to this Court, the plaintiff, Michael W. Mansy ("Mansy"), seeks damages of $1,496.00 from the local postmaster and the United States Postal Service ("USPS") for the loss of a wedding ring mailed from Johnson City, Tennessee. [Doc. 1-1]. After removal to this Court, the defendants have moved, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss on the grounds of sovereign immunity and lack of subject matter jurisdiction, [Doc. 15], and the plaintiff has responded, [Doc. 18]. For the reasons which follow, the motion must be granted.

### I. Background

The factual and procedural background of this case is undisputed for the purposes of the presently pending motion. On April 18, 2011, Mansy mailed to his jeweler two wedding rings from the post office in Johnson City, Tennessee. Only one of the rings

arrived at its destination when the package was delivered on April 20, 2011. The rings were insured for $5,000. On April 29, 2011, Mansy filed an indemnity claim with the USPS for the value of the lost ring and provided evidence of the value of the ring. The USPS denied the insurance claim on May 21, 2011, "because there was no visible sign of damage to the exterior or interior of the package."

The denial letter informed Mansy that he had 60 days to file an administrative appeal. He did so timely by letter dated May 25, 2011. By letter dated May 27, 2011, USPS denied the appeal. The May 27 denial letter informed Mansy of his right to submit a second appeal to the Consumer Advocate at USPS headquarters within 60 days. Plaintiff did not do so, choosing instead to file his civil complaint in the General Sessions Court. As a result, no final decision was ever issued by USPS.

## II. Analysis

### A. Applicable Legal Standards

Rule 12(b)(1) provides that an action may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Plaintiffs bear the burden of proving jurisdiction when challenged by a Rule 12(b)(1) motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). In resolving a Rule 12(b)(1) motion, the Court can consider evidence outside the pleadings. *See Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678(citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Legal conclusions unsupported by factual allegations will not suffice. *Id.*

**B. Discussion**

**1. Plaintiff's Tort Claim is Barred by Sovereign Immunity**

It is unclear whether Mansy is in fact pursuing a tort claim against USPS for negligently handling of the subject package. To the extent he is, however, the defendants are correct that such a tort claim is barred by the doctrine of sovereign immunity. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides the exclusive remedy for persons with claims for damages resulting from negligent acts of federal employees acting within the scope of their employment. Although the FTCA provides a limited waiver of sovereign immunity for the United States for certain negligent or wrongful acts of government employees, *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004), claims "arising out of the loss, miscarriage, or negligent

3

transmission of letters or postal matter" are specifically excluded from the waiver. 28 U.S.C. § 2680(b). Because such a claim is statutorily barred by the postal matter exception, this Court lacks jurisdiction over the tort claim.

### 2. Exhaustion of Administrative Remedies

It appears that the essence of plaintiff's claim is a breach of his insurance contract with USPS and is thus governed by the applicable postal service regulations. *Ridgway Hatcheries, Inc. v. United States*, 278 F. Supp. 441, 443 (N.D. Ohio 1968). The USPS "is liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations," and "the liability of the Government in case of loss or damage is fixed by these regulations." *Twentier v. United States*, 109 F. Supp. 406, 408-09 (Ct.Cl. 1953); *Jamil v. USPS*, 2006 WL 988825, at *2 (N.D. Cal. April 14, 2006) (quoting *Twentier*).

Plaintiff's breach of contract claim is not barred by sovereign immunity. Section 401(1) of the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, empowers the postal service "to sue and be sued in its official name." The United States Supreme Court has held that "[b]y launching 'the Postal Service into 'the commercial world,' and including a sue-and-be-sued claim in its charter, Congress has cast off the Services' 'cloak of sovereignty' and given it the 'status of a private commercial enterprise.'" *Loeffler v. Frank*, 486 U.S. 549, 556 (1988) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 317 n.5 (1976)).

4

However, traditional contract doctrine does not apply to claims for breach of postal insurance contracts because the "postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law." *Ridgway Hatcheries*, 278 F. Supp. at 443. These regulations are published in the USPS's Domestic Mail Manual ("DMM"), which are incorporated by reference into the Code of Federal Regulations and thus deemed published in the Federal Register. *See* C.F.R. § 111.1 (incorporating by reference the DMM); *Barton v. USPS*, 615 F. Supp.2d 790, 794 (N.D. Ind. 2009). The DMM allows for "indemnity claims" to be filed for insured mail and provides specific procedures for filing the claim and subsequent appeals. *Id.* (citing DMM, § § 609.1, 609.6). Before an action can be commenced in district court, the insured party must first exhaust all "administrative remedies available under the postal regulations." *Id.* (citing *McBride v. USPS*, 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007)); *Aragon v. USPS*, 2007 WL 1467148 (W.D. Ky. May 16, 2007); *Willett v. Morrice Post Office*, 2005 WL 1981302, at *3 (E.D. Mich. Aug. 16, 2005) (citing *Djordjevic v. Postmaster General*, 911 F. Supp 72, 74 (E.D.N.Y. 1995)); *TNS Diamonds, Inc. v. USPS*, 2005 WL 497831 (E.D. Pa. March 3, 2005); *Esseily v. USPS*, 2003 WL 21817984 (E.D. Mich. July 3, 2003).

The DMM requires that an initial claim for indemnity for lost or insured mail be filed no later than 60 days after the date of mailing. An initial denial may be appealed within 60 days of the denial. If that appeal is denied, an additional appeal may be taken

5

within 60 days for final review and decision by the Consumer Advocate of the USPS. DMM, § 609. Mansy followed the first two steps but not the third. He also acknowledges that he was notified of his right to seek final review by the Consumer Advocate. He did not do so, he asserts, because "it was clear to [him] . . . that sending a third appeal to Washington D.C. was not going to go in [his] favor . . ." He argues that he "should not have to file a third appeal . . . since he was "already [ ] told NO twice by the U.S. Postal Service for the same reason."

While the Court understands plaintiff's frustration at the administrative appeals procedure, his failure to file an appeal to the Consumer Advocate for final review and decision is fatal to his claim in this Court. Plaintiff has failed to exhaust his administrative remedies and, therefore, this Court lacks subject matter jurisdiction over this matter and the complaint will be **DISMISSED WITHOUT PREJUDICE**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE